# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT WINCHESTER

| | |
|---|---|
| BLAKE CRETACCI, | ) |
| Plaintiff, | ) |
| v. | ) No.: 4:19-CV-55-SKL |
| MATTHEW HARE, et al., | ) |
| Defendants. | ) |

## ORDER

Defendant Coffee County, Tennessee ("Coffee County") has filed a "Motion to Quash Notice of Deposition of Coffee County Attorney Robert Huskey and Motion for Protective Order" [Doc. 33], and a "Motion to Quash Subpoena and Motion for Protective Order" [Doc. 35].

On August 20, 2020, Plaintiff served Defendants with a "Notice of Deposition of Robert Huskey," setting the deposition of Attorney Huskey for 9:40 a.m. on August 25, 2020, allegedly without discussing with Attorney Huskey his availability for that date or time [Doc. 33]. Coffee County filed a motion to quash the notice on Saturday, August 22, 2020, asserting that the notice should be stricken for Plaintiff's failure to serve a subpoena compelling Attorney Huskey's testimony, for Plaintiff's failure to allow Attorney Huskey a reasonable time to comply, and for failure to list the specific information sought by Plaintiff [*Id*.].

After Coffee County filed the instant motion, Plaintiff filed an executed subpoena on August 22, 2020, demonstrating that Attorney Huskey was served on Friday, August 21, 2020, with a subpoena to appear and provide deposition testimony on Tuesday, August 25, 2020, at 9:40 a.m. [Doc. 34]. The subpoena also requested Attorney Huskey to produce "electronically stored

information, or objects, and must permit inspection, copying, testing, or sampling of the material" [*Id.*]

The following day, Sunday, August 23, 2020, Coffee County filed its motion to quash the subpoena and motion for protective order [Doc. 35]. Coffee County argues that the subpoena does not indicate the parameters or subject matter of the deposition, and that there are no documents for production specified in the filing [*Id.* at 1].

The Court notes that the Scheduling Orders provide that all discovery, including motions related to discovery, shall be completed by August 31, 2020, which specifically includes all motions relating to discovery [Doc. 22 & Doc. 32]. Defendants did not respond to Plaintiff's prior motion to extend the discovery period to August 31, although the motion was only filed on July 28, 2020, the day after the original discovery period expired on July 27, 2020. However, in obtaining the extension, Plaintiff represented the parties had tentatively scheduled depositions for August 24-25, 2020, *by mutual agreement* [Doc. 29]. Apparently, the agreement did not extend to the deposition of Attorney Huskey.

Given the information in the record, the expedited nature of the motions, and the subpoena, which speaks for itself, the Court finds it is appropriate to address this issue without waiting for a response from Plaintiff. Upon due consideration, the Court finds that the subpoena issued to Attorney Huskey fails to allow a reasonable time for him to comply, and it potentially requires disclosure of privileged information. *See* Fed. R. Civ. P. 30(b)(1); Fed. R. Civ. P. 45(d)(3) ("On timely motion, the court for the district where compliance is required must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply . . . ."); *see also, e.g., Friedberg v. Madison Realty Investments, Inc.*, 1:16-mc-0003, 2016 WL 1562948, at *2 (S.D. Ohio Apr. 18, 2016) (stating that Rule 45 "does not define a 'reasonable time' for compliance" with a subpoena

2

but that "[d]ecisions from prior cases support a finding that five business days is not a sufficient period of time," and citing cases); *Donahoo v. Ohio Dep't of Youth Servs.*, 211 F.R.D. 303, 306 (N.D. Ohio 2002) ("The Court agrees with Defendant that these subpoenas in fact did not provide for a reasonable time for compliance. Deponents . . . were served within one week of their deposition dates. . . . Fed. R.Civ. P. 45(c)(2)(B) sets a reasonable time as fourteen days after service of the subpoena."); *In re Stratosphere Corp. Sec. Litig.*, 183 F.R.D. 684, 687 (D. Nev. 1999) (six days' notice for deposition is not reasonable). Therefore, the Court finds Defendant Coffee County's motion for a protective order to prevent Attorney Huskey's deposition as scheduled is well taken. *See* Fed. R. Civ. P. 26(c) (stating that court may issue an order to protect a party from undue burden, including forbidding the discovery).[1]

Accordingly, Defendant Coffee County's motion to quash the subpoena for the deposition of County Attorney Huskey on August 25, 2020, and for a protective order [Doc. 35] is **GRANTED**. Coffee County's motion to quash the notice of the deposition [Doc. 33] is **DENIED** as moot.

SO ORDERED.

ENTER:

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

---

[1] Additionally, where a request is sought to depose an opposing counsel, the party seeking to take the deposition must show "that (1) no other means exist to obtain the information . . . ; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case." *Nationwide Mut. Ins. Co. v. Home Ins. Co.*, 278 F.3d 621, 628 (6th Cir. 2002) (quoting *Shelton v. American Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986) and adopting the *Shelton* requirements). Here, the instant subpoena fails to identify the subject matter of the deposition. As a result, it appears Plaintiff has not satisfied any of the *Shelton* requirements to depose opposing counsel. It is not necessary to address any potential argument regarding whether Attorney Huskey is the actual or functional equivalent of opposing counsel, given the unilateral and extremely short notice setting the deposition.