# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT WINCHESTER

| | | |
|---|---|---|
| BLAKE CRETACCI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 4:19-CV-55-SKL |
| | ) | |
| MATTHEW HARE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This is a 42 U.S.C. § 1983 prisoner civil rights action, filed by Plaintiff Blake Cretacci ("Plaintiff") against Coffee County, Tennessee ("Coffee County" or "County"), and Officers Matthew Hare, Tristan Collins, Steven Qualls, Joshua Thomas, and Cody Duke ("Officer Defendants"). Currently before the Court is Plaintiff's Motion for Spoliation Sanctions Against Coffee County [Doc. 40]. Coffee County filed a response in opposition [Doc. 41]. The Officer Defendants also filed a response [Doc. 42]. Plaintiff did not file a reply to either response, and the time for doing so has passed. E.D. Tenn. L.R. 7.1. This matter is now ripe.

## I. BACKGROUND

This case arises from an alleged assault on Plaintiff by the Officer Defendants on August 18, 2018, when Plaintiff was a pretrial detainee at the Coffee County jail. Plaintiff claims he was cooperating at the time of the assault, and that the Officer Defendants' use of force against was excessive. On September 7, 2018 (twenty days later), Plaintiff filed a grievance about the alleged assault. The grievance states: "i was assaulted on august 18 2018 in the day room area by officers

in BD-pod. i was also assaulted by officers in cell BB-102 while in handcuffs. both incidents happened in the morning around 9:00 am. please save this video." [Doc. 40-4 p. 34].[1]

On September 15, 2018, Plaintiff's counsel wrote a letter to Sheriff Chad Partin, requesting that any video evidence of the incident be preserved, because counsel was investigating potential causes of action [*Id.* p. 33]. The letter was copied to Chief Deputy Frank Watkins, and to County Attorney Robert Huskey. Sheriff Partin and Chief Deputy Watkins both claim they did not see the letter until August 2020. Mr. Huskey testified that he received the letter shortly after September 15, 2018, but he did not do anything after reading it, because Chief Deputy Watkins normally handled these types of requests, and he (Mr. Huskey) saw that Chief Deputy Watkins was also copied on the letter [Doc. 40-1 p. 8-9].

No video evidence was ever produced. Coffee County admits the video "was never preserved, and it does not exist today." [Doc. 41 p. 2]. There is no proof as to when the video was actually deleted. Coffee County submitted a declaration from Chief Deputy Watkins indicating that the jail cameras "typically" retain video footage for 30-45 days, but that "the camera's retention is ultimately based on the amount of storage available to the system." [Doc. 41-1 ¶¶ 9-10].

The Court notes that, in a separate order entered contemporaneously herewith, the Court has granted Coffee County's motion for summary judgment and dismissed all claims against the County for liability under *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

## II.  RULE 37(e)

Federal Rule of Civil Procedure 37(e) provides:

---

[1] The parties do not appear to dispute that there were functioning cameras filming the areas where the alleged assault took place. The Court therefore may refer to a "video" of the incident, but acknowledges there is no proof in the record the incident was ever recorded in the first place.

2

Case 4:19-cv-00055-SKL   Document 53   Filed 01/20/21   Page 2 of 8   PageID #: 780

> If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:
>
> (1) upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or
>
> (2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:
>
> (A) presume that the lost information was unfavorable to the party;
>
> (B) instruct the jury that it may or must presume the information was unfavorable to the party; or
>
> (C) dismiss the action or enter a default judgment.

Significantly, subsection (e)(1) does not contain an "intent" requirement; thus, a party need not act willfully, deliberately, intentionally, or with any objective or subjective bad faith. Under subsection (e)(2), however, before certain sanctions are imposed, the court "must find that the party that caused the loss 'acted with the intent to deprive another party of the information's use in the litigation.'" *Konica Minolta Bus. Sols., U.S.A. Inc. v. Lowery Corp.*, No. 15-cv-11254, 2016 WL 4537847, at *3 (E.D. Mich. Aug. 31, 2016) (quoting Fed. R. Civ. P. 37(e)(2)).

Accordingly, to determine whether sanctions are appropriate and if so, what kind, the Court engages in a five-step inquiry: First, was there a duty to preserve the data in issue? If not, the analysis ends. Second, were reasonable steps taken to avoid the loss of the data? If so, the analysis ends. Third, can the lost data be "restored or replaced" through additional discovery? If so, the analysis ends. Fourth, was the other party prejudiced by the loss of the data? If so, the court can impose "measures no greater than necessary to cure the prejudice." Fifth, was the data lost "with the intent to deprive another party" of the use of the lost data? If so, prejudice is assumed, and the

3

court can allow a permissive or mandatory adverse inference or impose a case-terminating sanction. With the exception of showing prejudice, the party alleging spoliation has the burden of proof. *See Byrd v. Alpha Alliance Inc. Corp.*, 518 F. App'x, 380, 383-84 (6th Cir. 2013).

### III. ANALYSIS

Did Coffee County have a duty to preserve the video? The Court finds that a duty to preserve the video did not arise merely because Plaintiff filed his grievance since the grievance does not mention the possibility of litigation, and there is no indication that Chief Deputy Watkins, Sheriff Partin, or Mr. Huskey (or anyone with appropriate authority) received the grievance or was notified about the grievance. However, the Court further finds that a duty to preserve the video did arise once officials received the letter from Plaintiff's counsel indicating he was investigating potential causes of action arising from the alleged assault. As Mr. Huskey testified, Plaintiff, at the time, had other excessive force claims pending against Coffee County and other officers. Moreover, the letter was delivered to the jail exactly 30 days after the incident, and therefore, under "typical" circumstances, the video should have been available for preservation when counsel made the request. Coffee County offers no proof that the circumstances were not "typical" in August/September 2018. *Cf. Applebaum v. Target Corp.*, 831 F.3d 740, 745 (6th Cir. 2016) (no adverse instruction permitted where proof showed that sign-in sheets were "disposed of weekly or even daily" and Target had no notice of potential litigation until five months later). The letter was also directed at the appropriate officials, as Mr. Huskey testified. Accordingly, Coffee County had a duty to preserve the video.

Were reasonable steps taken to avoid the loss of the data? The current record reflects the County did not take *any* steps, let alone reasonable steps, to preserve the video.

4

Can the lost data be "restored or replaced" through additional discovery? No party has suggested the contents of the video can be restored or replaced through additional discovery.

Was Plaintiff prejudiced by the loss of the data? A video recording of the alleged assault would clearly be relevant to Plaintiff's claims against the Officer Defendants. As a result, the Court finds Plaintiff has been prejudiced by the County's failure to preserve the video.[2] *See J.S.T. Corp. v. Robert Bosch LLC*, No. 15-13842, 2019 WL 2324488, at *6 (E.D. Mich. May 30, 2019) (prejudice can be "properly understood as a party's ability to obtain the proofs necessary for its case" (quotation marks and citation omitted)); *see also Beaven v. U.S. Dep't of Justice*, 622 F.3d 540, 554-55 (6th Cir. 2010) (explaining that relevance in spoliation context requires "some showing indicating that the destroyed evidence would have been relevant to the contested issue" (quotation marks and citation omitted)).

Was the video lost with the intent to deprive Plaintiff of the use of the lost video? Plaintiff argues:

> With regard to Coffee County's apparent intent, the fact that various high-level officers have received the requests, and failed to act, by itself strongly suggests intent. County Attorney Huskey, who customarily will respond to public records requests, concedes that he did receive the letter, but that he took no efforts to preserve the data. Sheriff Partin denied physically ever seeing the letter, but it was undeniably given to his secretary. Captain Watkins simply claims that he never noticed (or received) the letter, without any more substantive explanation. In contrast, Plaintiff's counsel has declared that he did indeed send the letter to Captain Watkins, too. And in any event, the sending is effectively admitted in Paragraph 27 of the County's Answer. Finally, whatever guards were reviewing inmate grievances also apparently ignored Cretacci's electronic request for the video.

---

[2] The video would also be relevant to the Officer Defendants' defense in this matter; however, they have not requested sanctions against Coffee County in connection with the County's failure to preserve the video.

[Doc. 40 p. 6 (citations omitted)]. Plaintiff argues that Coffee County has made it "virtually impossible to save video" evidence, which implies intent [*Id.* at p. 7]. Plaintiff also lists other incidents when video evidence was not preserved, which he says "further underscores the County's custom of failing to produce video of questionable incidents." [*Id.*].

Unsurprisingly, the Court is concerned by Coffee County's failure to preserve the video. Nevertheless, Plaintiff's proof is insufficient to show that the County intended to deprive Plaintiff of his ability to use the evidence in this case. As mentioned, the letters were received at the jail on September 17, 2018, exactly 30 days after the incident. This was only 17 days after Sheriff Partin took office. The record reflects that when mail is addressed to Sheriff Partin or Chief Deputy Watkins, it goes through two other people at the jail before reaching them. Sheriff Partin and Chief Deputy Watkins both testified that the first time they saw the letter was August 2020 [Doc. 40-2 p. 4; Doc. 40-4 p. 4]. Nothing in the record suggests Plaintiff or his counsel followed up with anyone at the jail after mailing the letters, despite the significance of the video to Plaintiff's case, the delay between the incident and the original request, and the fact that the Sheriff's office was in a transitional phase as Sheriff Partin took over. Plaintiff also did not file a reply to address Coffee County's proof that the failure to preserve the video recording was not intentional.

The evidence does not show that it is "virtually impossible" for parties to successfully request that video evidence be preserved, as Plaintiff argues. Further, the three other cited instances where either an inmate or their attorney have unsuccessfully requested video recordings does not change the Court's analysis as it pertains to the deletion of the video recording at issue here.

6

Case 4:19-cv-00055-SKL   Document 53   Filed 01/20/21   Page 6 of 8   PageID #: 784

Mr. Huskey did admit that he received the letter shortly after September 15, but did nothing because he saw that the letter was also addressed to Chief Deputy Watkins. Again, this simply does not suggest that Mr. Huskey acted intentionally to deprive Plaintiff of the use of this evidence. *Cf. Culhane v. Wal-Mart Supercenter*, 364 F. Supp. 3d 768, 774 (E.D. Mich. 2019) (inferring intent where, despite timely preservation request, defendant preserved video showing one angle of incident but deleted video that showed the incident from plaintiff's perspective). Mr. Huskey perhaps should have followed up to make sure Chief Deputy Watkins was aware of the request for all the reasons Plaintiff or his counsel should have. But the fact that he did not do so implies negligence, which does not "do the trick." *Applebaum*, 831 F.3d at 745 ("A showing of negligence or even gross negligence will not do the trick."); *see also Moody v. CSX Transp., Inc.*, 271 F. Supp. 3d 410, 431 (W.D.N.Y. 2017) (Rule 37(e)(2)'s "intent standard is 'stringent' and 'does not parallel other discovery standards.'" (quoting *Jenkins v. Woody*, No. 3:15cv355, 2017 WL 362475, at *17 (E.D. Va. Jan. 21, 2017))). Accordingly, the Court finds Plaintiff has not shown Coffee County deleted the video with the intent to deprive Plaintiff of its use in litigation.

Nevertheless, because Plaintiff is prejudiced by the loss of the video, "measures no greater than necessary to cure the prejudice" under Rule 37(e)(1) may be imposed. The only sanction Plaintiff specifically seeks in his motion, however, is a default judgment against Coffee County, a sanction only available under subsection (e)(2). As noted, Plaintiff has not met the stringent standard of proof for imposition of subsection (e)(2) sanctions.[3] Under these circumstances, no unrequested sanctions will be imposed at this time.

---

[3] Coffee County's motion for summary judgment was still pending when Plaintiff filed the instant motion for spoliation sanctions. As mentioned earlier, the Court is entering an order dismissing the claims against Coffee County on summary judgment. Plaintiff does not address whether any other form of sanction under Rule 37(e)(1) against Coffee County is appropriate in the absence of *Monell* liability. The Officer Defendants assert they had no role in, or knowledge of, the deletion

7

### III. CONCLUSION

Accordingly, the instant motion for spoliation sanctions [Doc. 40] is **DENIED**.

SO ORDERED.

ENTER:

                                            s/ Susan K. Lee
                                            SUSAN K. LEE
                                            UNITED STATES MAGISTRATE JUDGE

---

of the video [Doc. 42 p. 4-5], and Plaintiff does not contend otherwise. The Officer Defendants also argue that the County's failure to preserve the video should not "be held against them," and that "there should be no reference to the non-existence of the video" during the trial, because "[a]ny such reference to the video would be severely prejudicial to the defendant officers in the defense of their case." [*Id*. at p. 2]. The Officer Defendants have not filed a motion to exclude reference to the video at trial. Moreover, Plaintiff did not address these arguments. Accordingly, the Court will not address any such potential issues herein.