UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | |
|---|---|
| BLAKE CRETACCI, | ) |
| | ) |
| Plaintiff | ) No. 4:19-cv-00055-SKL |
| | ) |
| v. | ) |
| | ) |
| MATTHEW HARE, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This is a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff Blake Cretacci alleges that, on August 18, 2018, he was assaulted by five guards (Defendants Matthew Hare, Tristan Collins, Steven Qualls, Joshua Thomas, and Cody Duke; collectively, "Defendants") while he was a pretrial detainee at the Coffee County Jail. He claims Defendants used excessive force in violation of his rights under the Fourteenth Amendment to the United States Constitution. The Court previously dismissed all of Plaintiff's claims against Coffee County, Tennessee [Doc. 54].

Currently before the Court is Defendants' motion in limine [Doc. 59 (motion) & Doc. 60 (supporting brief)], encompassing seven in limine requests. Plaintiff filed a response[1] [Doc. 66]. Defendants did not file a reply, and the time for doing so has passed. *See* E.D. Tenn. L.R. 7.1. This matter is now ripe.

---

[1] Plaintiff's response was due on Friday, March 12, 2021, but was not filed until Monday, March 15, 2021. Defendants did not file a reply or otherwise object to the Court's consideration of the untimely response. Accordingly, the Court did consider it in ruling on Defendants' motion in limine.

I.  References to the Lost/Deleted Video of the Incident

As the Court discussed in more detail in its prior Memorandum and Order on Plaintiff's motion for spoliation sanctions [Doc. 53], there appears to be no dispute that functioning video cameras were filming the area where the August 18, 2018 incident took place. The Court may refer to a "video" of the incident, but acknowledges there is no proof in the record regarding what, if anything, was ever recorded in the first place. Plaintiff requested that the video footage be preserved shortly after the incident, and counsel for Plaintiff reiterated that request in a letter to appropriate authorities within 30 days. Nevertheless, no footage of the incident was preserved or produced, and Coffee County admits the video evidence does not exist. Plaintiff sought sanctions in the form of a default judgment against Coffee County for the deletion/lack of preservation of the video, and the Court denied that request finding Plaintiff did not show that Coffee County deleted the video with the intent to deprive Plaintiff of its use in litigation, a necessary showing for such a severe sanction [*id.* at Page ID # 785].

In their first request in limine, Defendants ask the Court to exclude any reference to the lost/deleted video of the incident because such information would be irrelevant, misleading, confusing, and unfairly prejudicial to Defendants pursuant to Rules 401, 402, and 403 of the Federal Rules of Evidence [Doc. 60 at Page ID # 820-22]. Defendants emphasize Plaintiff did not seek spoliation sanctions against them and has presented no proof they played any role in the deletion of the video, and they argue that "with Coffee County already dismissed from this action, any reference to the video at the trial of the officers would only confuse the issues and mislead the jury." [*Id.* at Page ID # 821]. Defendants reiterate they would be unfairly prejudiced because they "had no culpability for the loss of the video." [*Id.* at Page ID # 822].

2

Plaintiff argues that his request to preserve the video is relevant because it shows his state of mind. He points out that Defendants claim he assaulted them first and that his aggressive and violent actions are what prompted their use of force. He argues that if he "were truly guilty, requesting the video would have been preserving evidence of his own guilt," which could have been used against him in disciplinary proceedings, criminal court, or in the instant lawsuit [Doc. 66 at Page ID # 1038]. He also argues Defendants' alleged failure to request preservation of the video is probative of their credibility. Defendants did not file a reply to address these arguments.

Plaintiff's requests for preservation of the video could be somewhat probative of a central issue in this case as a reasonable juror could infer that Plaintiff requested the video because he believed it would corroborate his version of events, making his version potentially more credible. The fact that the video was deleted/not preserved by Coffee County, however, is *not* probative of Defendants' credibility. Moreover, Defendants' alleged failure to make efforts to request preservation of the video is not relevant to their credibility. For one thing, there is no proof Defendants even considered whether a video existed. Thus, a pertinent question is whether any prejudice to Defendants associated with Coffee County's failure to preserve the video substantially outweighs the probative value to Plaintiff's claims associated with the fact that he and his lawyer requested preservation of the video.

Significantly, Defendants do not articulate any particular theory of prejudice or confusion or even reply to Plaintiff's arguments. Instead, they note the Court held in its Order on the sanctions motion that they asserted they had no role in, or knowledge of, the deletion of the video, and that Plaintiff did not contend otherwise. The cases they cite in support of the in limine request relate to sanctions for spoliation of evidence. But permitting some limited reference to Plaintiff's requests to preserve the video and the County's failure to preserve the video is not the equivalent

3

of the sanction of an adverse inference instruction. *See, e.g., Sterns v. Shammas*, No. 12-CV-5210, 2015 WL 4530473, at *14 (E.D.N.Y. July 27, 2015) (permitting plaintiff in § 1983 action to "bring to the jury's attention" that a portion of a relevant video recording was missing, but declining to give adverse inference jury instruction where plaintiff failed to show individual officers were culpable for video's destruction).

Accordingly, and in the absence of a showing of prejudice, the request in limine to exclude reference to the video is **DENIED**. To mitigate any possible prejudice to Defendants, however, the Court will provide a curative instruction upon request at the introduction of any evidence about the unpreserved video. The parties are ordered to confer and attempt to agree on an appropriate instruction to convey to the jury that a video existed, Plaintiff and his attorney made two timely requests to Coffee County that the video be preserved, the video was not preserved by Coffee County as it should have been, and Defendants have not been shown to have played any role whatsoever in the failure to preserve the video. The parties are **ORDERED** to submit their proposed curative instruction to the Court **SEVEN** days prior to trial.

## II. Any Reference to Coffee County's Customs, Policies, and Practices

In their second in limine request, Defendants ask the Court to exclude "any reference to Coffee County's customs, policies and practices." [Doc. 60 at Page ID # 822]. Defendants argue that because Plaintiff's claims against Coffee County have been dismissed on summary judgment, references to the County's customs, policies, and practices "would be irrelevant and unfairly prejudicial pursuant to F.R.E. 401-403." [*Id.*].

Plaintiff argues the motion should be denied because jail policies and customs could be relevant to show Defendants' motive, knowledge, and opportunity. As an example, Plaintiff claims deposition testimony from Sheriff Chad Partin (who took office shortly after the incident

4

between Plaintiff and Defendants) is relevant to these issues. Plaintiff characterizes Sheriff Partin's deposition testimony as indicating that, when the incident between Plaintiff and Defendants took place, "there was no system in place for investigating excessive force by the guards." [Doc. 66 at Page ID # 1041]. Defendants did not file a reply to address Plaintiff's arguments or Sheriff Partin's testimony.

First, the Court finds Plaintiff has plainly mischaracterized the portion of Sheriff Partin's testimony he cites. The pages Plaintiff cites reflect that Sheriff Partin testified in his deposition that there was no formal "internal affairs" department prior to his taking office, and that he created one to address an "onslaught of pending lawsuits on the department," and to "mitigate the problems moving forward and to better our department." [Doc. 40-2 at Page ID # 225-26]. His testimony on the pages Plaintiff cites does not reflect there was no system for investigating excessive force. As a result, Defendants' request in limine is **GRANTED** to the extent it seeks to exclude argument or other characterization of Sheriff Partin's deposition testimony as indicating "there was no system in place for investigating excessive force by the guards."

Second, as discussed in greater detail regarding Defendants' fifth in limine request, Defendants' subjective motives are not relevant for evaluating a Fourteenth Amendment excessive force claim. The motion is therefore **GRANTED** to the extent Plaintiff intends to offer the policies and customs for this purpose.

In all other respects, the motion is overbroad and is **DENIED**. Defendants are asking to exclude *any* reference to jail customs or policies. Rather than excluding such a broad category of evidence, the Court will deal with questions of admissibility as they arise. *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975) ("Orders in limine which exclude broad categories of evidence should rarely be employed. A better practice is to deal with questions of

5

admissibility as they arise."). As such, Defendants' second in limine request is **GRANTED IN PART AND DENIED IN PART** as stated herein.

### III. Defendants' Personnel, Hiring and Training Files

In their third in limine request, Defendants seek to exclude "any reference to the personnel or training files of the defendant officers." [Doc. 60 at Page ID # 823]. Defendants argue that because the claims against Coffee County have been dismissed, their "work, training, hiring and disciplinary histories, as contained in their personnel files, are no longer relevant to the remaining issue of whether or not each of the defendant officers employed excessive force on plaintiff during the incident subject of this action." [*Id.*]. Defendants also point out that the personnel files of four of the five Defendants contain references to alleged prior bad acts, which Defendants contend are "irrelevant and unfairly prejudicial." [*Id.*].

Plaintiff responds that he "does not presently see much use" for the personnel files, except to the extent that Defendants themselves "bring up their own training, experience, and service records," and to address other instances of alleged excessive force by Defendant Hare [Doc. 66 at Page ID # 1046-47]. As discussed below, the Court is holding in abeyance its determination regarding the admissibility of evidence concerning previous uses of force by Defendant Hare. That holding applies to any evidence concerning previous uses of force by Defendant Hare in his personnel file. The motion is **DENIED** to the extent Plaintiff intends to rely on evidence in the personnel files as impeachment evidence should Defendants' place their training, experience, and service records in issue. The motion is **GRANTED** in all other respects.

Accordingly, Defendants' third in limine request is **GRANTED IN PART, DENIED IN PART, AND HELD IN ABEYANCE IN PART**.

6

## IV. Plaintiff's Evidence, Testimony or Statements Regarding Medical Records and Medical Diagnosis of Plaintiff's Alleged Injuries

Defendants' fourth in limine request relates to Plaintiffs' medical proof, or lack thereof. Defendants concede Plaintiff "can testify as to how he felt during and as a result of the subject incident (i.e., 'My neck hurts.')," but they contend Plaintiff "should not be permitted to testify as to his believed medical condition, diagnosis, treatment, and/or statements allegedly made by any medical provider (i.e., 'The doctor told me I had a concussion')." [Doc. 60 at Page ID # 825]. According to Defendants, Plaintiff has not identified any medical records he intends to introduce at trial or disclosed any "qualified witness who could testify as to the extent and nature of his alleged injuries, diagnosis, causation, prognosis, or the like." [*Id.*].

Plaintiff's response does not address Defendants' fourth request in limine. The Court deems the failure to respond as a waiver of any opposition to the requested relief pursuant to E.D. Tenn. L.R. 7.2. Accordingly, Defendants' fourth request in limine is **GRANTED** as unopposed.

## V. Evidence of Other Uses of Force

In their fifth request in limine, Defendants seek to exclude testimony or other evidence (including but not limited to video evidence) "about any allegations of use of force or grievances related to the alleged use of force upon plaintiff or other inmates by Coffee County Jail officers either **prior or subsequent to** the August 18, 2018 incident alleged in this case." [*Id.* at Page ID # 826 (emphasis in original)]. Defendants specifically address video evidence and various grievances regarding incidents that occurred on September 29, 2015 during a "peaceful riot"; a grievance dated October 5, 2016, filed by inmate Douglas Christian; a grievance dated January 14, 2017, filed by Plaintiff; a grievance dated February 7, 2017, filed by inmate Jeremiah Allsopp; and a grievance dated August 29, 2017, filed by inmate Allsopp and involving Defendant Hare.

Defendants argue "[n]one of these other allegations about use of force should be allowed under F.R.E. 402, 403, and 404." [*Id.*].

Of the specific incidents Defendants list, Plaintiff addresses only the August 29, 2017 incident between inmate Allsopp and Defendant Hare. Plaintiff also discusses other incidents not listed in Defendants' brief, including: an August 10, 2017 incident between Defendant Hare and Johnny Brooks; a September 15, 2017 incident between Defendant Hare and inmate Robert Chrisman; and a March 27, 2018 incident between Defendant Hare and inmate Clifton Pruitt.

To the extent Defendants seek to exclude any references to *any* other incidents involving the alleged use of force by Defendants against inmates at the Coffee County Jail, the Court finds the motion is overbroad and it is **DENIED**.

The motion is **GRANTED** as unopposed as to the evidence listed in Defendants' motion that Plaintiff did not address in his response. The Court deems the failure to respond to this aspect of the motion as a waiver of any opposition to the requested relief pursuant to Eastern District of Tennessee Local Rule 7.2. Accordingly, the grievances and video relating to the incident(s) that occurred on September 29, 2015, are excluded from trial, as are the grievances relating to incidents that occurred on October 5, 2016; January 14, 2017; and February 7, 2017.

This leaves the incidents Plaintiff lists in his response, all of which involved allegations against Defendant Hare. Plaintiff's primary argument is that evidence of these other incidents is relevant to show that Defendant Hare's motive for assaulting Plaintiff was simply Plaintiff's "verbal disrespect," not any physical provocation [Doc. 66 at Page ID # 1042].

Evidence of these incidents is not admissible to show Defendant Hare has a particular character trait and that he acted in conformity with that character train during his altercation with Plaintiff on August 18, 2018. *See* Fed. R. Evid. 404(b). However, as Plaintiff argues, proof of

8

these incidents may be relevant for some other purpose, "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." *Id.*

An officer's underlying motivation or intent is typically irrelevant for purposes of a pretrial detainee's claim of excessive force. As the Supreme Court held in *Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015), "the appropriate standard for a pretrial detainee's excessive force claim is solely an objective one." In "assessing objective reasonableness, we look to the reasonableness of the force in light of the totality of the circumstances confronting the defendants, and not to the underlying intent or motivation of the defendants." *Evans v. Plummer*, 687 F. App'x 434, 440 (6th Cir. 2017) (quotation marks and citation omitted). "An officer's evil intentions will not make a [constitutional] violation out of an objectively reasonable use of force; nor will an officer's good intentions make an objectively unreasonable use of force constitutional." *Graham v. Connor*, 490 U.S. 386, 397 (1989) (citations omitted); *see also Franklin v. Messmer*, 111 F. App'x 386, 388 (6th Cir. 2004) ("As Franklin wanted to enter Messmer's prior conduct to demonstrate his underlying intent in arrests, i.e., his propensity for excessive force, the evidence was properly excluded." (citation omitted)). Accordingly, Plaintiff may not offer the evidence to show motive.

Plaintiff also argues that evidence concerning the prior incidents is relevant to show Defendant Hare's "knowledge that no punishment would likely result from using force on an inmate who has mouthed off," and to show "the resulting opportunity, by all the guards, to engage in violence [against inmates] freely." [Doc. 66 at Page ID # 1045].

The Court is not convinced evidence of the other incidents is probative of these issues, or that any probative value is not substantially outweighed by the prejudicial effect of allowing proof regarding the other incidents. *See United States v. Jenkins*, 345 F.3d 928, 937 (6th Cir. 2003) (describing three-step process for determining admissibility under Rule 404(b) (citations

9

omitted)). *See Helfrich v. Lakeside Park Police Dep't*, 497 F. App'x 500, 507 (6th Cir. 2012) (affirming the exclusion of proposed bad-act evidence that "would go to prove" the defendant officer "is the sort of person who would unjustifiably tase someone, which tends to show that his tasing of [the plaintiff] is also unjustified"); *see also Simmons v. Napier*, 626 F. App'x 129, 134-35 (6th Cir. 2015) (affirming exclusion of evidence of past misconduct offered to show defendant officer "acted with intent and a lack of mistake and/or accident in acting aggressively toward [Simmons] in the course of his arrest").

Moreover, the Court previously held that the evidence regarding the March 27, 2018 incident demonstrates Defendant Hare was found by his supervisors to have used excessive force against inmate Pruitt, and that Defendant Hare was disciplined [Doc. 54 at Page ID # 799-800]. The Court found Plaintiff's interpretation of Defendant Hare's punishment as "minor" was not supported by the record. The Court also noted no prisoner complaints were filed regarding the August 10, and September 15, 2017, incidents. As such, these incidents do not appear to be relevant to show any knowledge/opportunity for Defendants to engage in violence against inmates with impunity.

Nevertheless, in the absence of any argument from Defendants on the issue, the Court will **HOLD** Defendants' fifth request in limine **IN ABEYANCE** as to proof regarding the incidents identified by Plaintiff (the August 10, 2017 incident; the August 29, 2017 incident; the September 15, 2017 incident; and the March 27, 2018 incident). If Plaintiff wishes to attempt to introduce said evidence at trial for a reason not addressed herein, he is **ORDERED** to first raise the issue with the Court outside the presence of the jury.

## VI. Evidence of Plaintiff's Other Grievances

In their sixth request in limine, Defendants seek to exclude certain grievances and medical requests Plaintiff made while housed at the Coffee County jail, and any related testimony. Defendants assert the grievances and medical requests they seek to exclude are unrelated to the August 18, 2018 incident that is the subject of this lawsuit, and they are not otherwise relevant under Federal Rule of Evidence 402. Plaintiff did not respond to this in limine request and the Court deems the failure to respond to this aspect of the motion as a waiver of any opposition to the requested relief pursuant to E.D. Tenn. L.R. 7.2. Accordingly, it is **GRANTED** as unopposed, but only as to the list of specific grievances/medical requests set forth on pages eight and nine of Defendants' motion [Doc. 60 at Page ID # 827-28].

## VII. Evidence of Liability Insurance

In their seventh request in limine, Defendants seek to exclude any testimony, other proof, argument, or references to insurance coverage or the involvement of an insurance company, pursuant to Federal Rule of Evidence 411. Plaintiff again did not file a response to this aspect of the motion in limine and the Court deems the failure to respond as a waiver of any opposition to the requested relief pursuant to E.D. Tenn. L.R. 7.2. Accordingly, it is **GRANTED** as unopposed.

## VIII. CONCLUSION

Defendants' motion in limine [Doc. 59] is **GRANTED IN PART AND DENIED IN PART AND HELD IN ABEYANCE IN PART** as set forth herein.

SO ORDERED.

ENTER:

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE