UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

BLAKE CRETACCI,                )
                               )
    Plaintiff                  )    No. 4:19-cv-00055-SKL
                               )
v.                             )
                               )
MATTHEW HARE, et al.,          )
                               )
    Defendants.                )

## MEMORANDUM AND ORDER

Before the Court is the motion for a new trial on compensatory damages pursuant to Federal Rule of Civil Procedure 59, filed by Plaintiff Blake Cretacci ("Plaintiff") [Doc. 105]. Defendant Steven Austin Qualls ("Qualls") filed a response in opposition [Doc. 109]. Plaintiff did not file a reply, and the time for doing so has passed. E.D. Tenn. L.R. 7.1. This matter is now ripe.

I.   **BACKGROUND**

This is a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff sued Coffee County corrections officers Matthew Hare, Tristan Collins, Joshua Henry Thomas, Cody Duke, and Qualls (collectively "Defendants"), claiming they violated his Fourteenth Amendment right by subjecting him to unreasonable force when he was a pretrial detainee at the Coffee County jail.[1]  The case proceeded to trial before a jury on April 26 and 27, 2021. After deliberating for approximately two days, the jury returned a verdict in favor of all Defendants except Qualls. While the jury found Qualls violated Plaintiff's Fourteenth Amendment right not to be subjected to the use of

---

[1] Summary judgment as to the other original defendant, Coffee County, was entered prior to trial.

unreasonable force, it also found Plaintiff failed to prove he sustained any actual harm as a result of the violation. The jury awarded Plaintiff nominal damages in the amount of $1.00.

## II. RULE 59

Federal Rule of Civil Procedure 59(a) allows a court to "grant a new trial on all or some of the issues . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court[.]" The "decision to grant or deny a motion for a new trial 'is discretionary with the district court.'" *Koshani v. Barton*, No. 3:17-CV-265, 2020 WL 535960, at *7 (E.D. Tenn. Feb. 3, 2020) (quoting *Davis ex rel. Davis v. Jellico Cmty. Hosp. Inc.*, 912 F.2d 129, 132-33 (6th Cir. 1990)).

In the Sixth Circuit, "a new trial is improper unless a jury reached a result that is 'seriously erroneous,' 'as evidenced by: (1) the verdict being against the weight of the evidence; (2) the damages being excessive; or (3) the trial being unfair to the moving party in some way, i.e., the proceedings being influenced by prejudice or bias.'" *Id.* (quoting *Holmes v. City of Massillon*, 78 F.3d 1041, 1045-46 (6th Cir. 1996)). As such, "the scope of review of a damage award is extremely narrow." *Anchor v. O'Toole*, 94 F.3d 1014, 1021 (6th Cir. 1996). "[C]ourts are not free to reweigh the evidence and set aside the jury verdict merely because the jury could have drawn different inferences or conclusions or because judges feel that other results are more reasonable." *Barnes v. Owens-Corning Fiberglas Corp.*, 201 F.3d 815, 821 (6th Cir. 2000) (quoting *Duncan v. Duncan*, 377 F.2d 49, 52 (6th Cir. 1967)). As the *Anchor* court elaborated:

> A trial court may not grant a new trial on the ground of insufficient damages unless the jury verdict is one *that could not reasonably have been reached*. *TCP Indus., Inc. v. Uniroyal, Inc.*, 661 F.2d 542, 546 (6th Cir.1981). The remedy of a new trial for inadequate damages is appropriate only where the evidence indicates that the jury awarded damages in an amount substantially less than *unquestionably* proved by the plaintiff's *uncontradicted and undisputed* evidence.

2

*Anchor*, 94 F.3d at 1021 (first emphasis added; all other emphases in original).

## III.   ANALYSIS

Plaintiff's claims at trial against Qualls were mainly based on Qualls' use of a taser (in drive stun mode[2]) on Plaintiff. The jury found Qualls used unreasonable force. In the instant motion, Plaintiff asserts a new trial on damages is warranted because he testified at trial that "the tasing caused him pain and suffering." [Doc. 105 at Page ID # 2300]. Plaintiff points out Qualls testified that, in general, being tased "just hurts, it's painful . . . in whatever area," even when the taser is on drive stun mode [Doc. 109-2 at Page ID # 2417]. Plaintiff argues, "the evidence was undisputed that Qualls tased the Plaintiff and that tasers cause pain and suffering," and as a result, "zero damages was irrational" and a "new trial on compensatory damages is proper." [Doc. 105 at Page ID # 2301].

In response, Qualls correctly points out that Plaintiff is not necessarily entitled to compensatory damages just because the jury determined he violated Plaintiff's constitutional rights under the Fourteenth Amendment. *See Ealy v. City of Dayton*, 103 F.3d 129, 1996 WL 724368, at *4 (6th Cir. 1996) ("A violation of a constitutional right does not necessarily establish that a plaintiff is entitled to recover damages under § 1983."). Further, Qualls argues, the jury's verdict "was one that could be 'reasonably reached' in light of medical proof in the record and the

---

[2] The term "drive stun mode" means the taser "delivers an electric shock . . . but does not cause an override of the victim's central nervous system as it does in dart-mode." *Cockrell v. City of Cincinnati*, 468 F. App'x 491, 492 (6th Cir. 2012) (citation omitted).

uncontradicted testimonies of Nurse Lynn Carter and defendant Qualls that plaintiff did not appear to have sustained any injuries from the incident." [Doc. 109 at Page ID # 2359].[3]

Plaintiff did not reply to Qualls' response; moreover, Plaintiff did not contend in his opening brief that his claim for compensatory damages was based on any medical proof. Plaintiff's motion relies only on his own testimony that he endured pain and suffering, and Qualls' testimony. In support of his position, Plaintiff cites *Pittington v. Great Smoky Mountain Lumberjack Feud, LLC*, 880 F.3d 791 (6th Cir. 2018). In *Pittington*, a Title VII employment discrimination case, the Sixth Circuit reversed the district court's denial of a plaintiff/employee's motion for new trial on damages, specifically for the recalculation of the employee's backpay award, i.e., the amount he would have earned had he not been terminated. *Id.* at 805. The jury found the employer violated Title VII by firing the employee, but declined to award the employee any damages for certain post-firing undisputed periods of unemployment. The district court upheld the jury's verdict over the employee's Rule 50 motion, and the employee appealed. The Sixth Circuit held the district court "applied an erroneous legal standard" by effectively requiring the employee to prove that he mitigated his backpay damages when Title VII puts the burden on employers. *Id.* at 799-800, 803, 805. The Sixth Circuit found the employer "provided no evidence regarding the availability of

---

[3] Qualls also argues that Plaintiff failed to show his actions caused Plaintiff's alleged injuries [Doc. 109 at Page ID # 2363-65]. However, as the Court interprets Plaintiff's brief, he is not seeking compensation for any medium or long-term pain and suffering from the tasing (for example his long-term back pain). Rather, he is only arguing he is entitled to compensation for the pain he suffered when he was actually being tased and the short period of time thereafter. To the extent Plaintiff is arguing that the tasing caused him any long-term injuries or symptoms, the Court agrees with Qualls that there is sufficient proof in the record for a reasonable jury to conclude those alleged injuries or symptoms, if credible, were caused by something other than the tasing. Nurse Carter detailed Plaintiff's extensive medical history, which includes numerous complaints of bodily pain from before the incident at issue in this case occurred, as well as mental health symptoms like a depressed mood.

4

comparable employment . . . and made no effort to demonstrate that [the employee's] job-search process was unreasonable." *Id.* at 802.

The Sixth Circuit held in the alternative that to the extent the jury's verdict was based on the employee's failure to prove the amount of his backpay during those certain undisputed periods of unemployment, such decision was unreasonable because the employee testified as to the amount of his hourly pay and the number of hours he typically worked per week, and the employee's testimony was sufficient. *Id.* at 802-03.

*Pittington* is plainly distinguishable. In this case, there is no dispute that Plaintiff had the burden of proof to show the existence and amount of his damages, as the Court instructed the jury in accordance with the parties jointly submitted jury instructions. *See Carden v. Gerlach*, No. 3:15-CV-314-TAV-HBG, 2018 WL 2974389, at *1 (E.D. Tenn. June 13, 2018) (stating that the plaintiff in a § 1983 action has the "burden [of] showing actual injury such that [he] is entitled to compensatory damages"). The "abstract value of a constitutional right may not form the basis for § 1983 [compensatory] damages." *Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 308 (1986) (citing *Carey v. Piphus*, 435 U.S. 247 (1978)). By contrast, "successful Title VII plaintiffs are presumptively entitled to back pay," *id.* at 799 (citation omitted), and employers have the burden of proving an employee's failure to mitigate as addressed above.

Plaintiff also cites *Walker v. Bain*, 257 F.3d 660 (6th Cir. 2001), which he acknowledges does not support his position. In *Walker*, the plaintiff was ordered into his cell, and then his "wrists were handcuffed behind his back, and a leather strap was attached to the handcuffs." 257 F.3d at 664. Once the cell door was closed, the plaintiff's "hands and arms went through the food slot on the door in such a manner as to cause minor scrapes and cuts to [his] hands and wrists." *Id.* The jury awarded $1.00 in damages. *Id.* at 670. The plaintiff filed a Rule 50 motion for a new trial on

5

damages, arguing that he "presented evidence of pain, suffering and mental anguish, and that the defendants did not rebut this evidence." *Id.* at 673. The district court rejected this argument and the Sixth Circuit affirmed, reasoning:

> The fact that the defendants did not rebut Walker's testimony directly does not necessarily render the jury's determination on the issue of damages against the great weight of evidence. Walker had the burden of proving damages, and the only evidence of damages was Walker's self-serving testimony about his mental distress. This is not a case where the jury disregarded clear, objective and uncontradicted evidence. The jury was free to accept or disregard Walker's statement, and it chose to disregard it. There is no error in upholding civil rights jury verdicts awarding no compensatory damages where the plaintiff's sole evidence of damages is his or her own testimony of subjective injuries. *See Robinson v. Cattaraugus County*, 147 F.3d 153, 160 (2d Cir.1998); *Briggs v. Marshall*, 93 F.3d 355, 360–61 (7th Cir.1996); *Davet v. Maccarone*, 973 F.2d 22, 29–30 (1st Cir.1992).

*Walker*, 257 F.3d at 674.

Similarly, in this case, Plaintiff's testimony—describing the tasing as "pretty painful"—was the only evidence of Plaintiff's pain and suffering, and the jury was free to disregard it. True, as Plaintiff emphasizes, Qualls testified that, in general, being tased is "uncomfortable" and "just hurts." [Doc. 109-2 at Page ID # 2417]. Qualls further testified, however, that even with *probe* tasing, the discomfort lasts for five seconds and then, "you're back to normal." [*Id.*]. Qualls also testified that, shortly after the incident, Plaintiff did not appear to have any injuries, and continued regularly performing exercises like running up and down stairs and doing pushups [*Id.* at Page ID # 2424-25]. At trial, Plaintiff testified that his back, neck, and face hurt for days from allegedly being slammed to the ground, and his hand hurt from the handcuffs; however, Plaintiff does not cite any testimony regarding lingering problems specifically from the tasing. The Sixth Circuit has held that, "a jury may reasonably conclude that although the use of force was unnecessary, it

6

did not cause any physical injuries." *Ealy*, 1996 WL 724368, at *4 (further stating that "a jury may reasonably conclude that evidence regarding the plaintiff's injuries was not credible.").

In *Kidis v. Reid*, the plaintiff accused an officer of kicking, punching, and strangling him, and the jury found the officer did engage in excessive force. 976 F.3d 708, 713 (6th Cir. 2020). However, like this case, the jury found the officer did not injure the plaintiff and awarded the plaintiff only $1 in nominal damages. *Id.* The Sixth Circuit reduced the punitive damages award in that case, but approved of the nominal damages award, emphasizing that it was the jury's role to determine whether the plaintiff had suffered any compensable injuries.[4] *See also Annabel v. Erichsen*, No. 2:15-cv-10345, 2019 WL 1760290, at *2-3 (E.D. Mich. Apr. 22, 2019) ($1 in nominal damages appropriate award where officer kicked prisoner in the shin, causing bruising and skin abrasions which required wound treatment); *Scrivo v. Kendrick-Hall*, No. 2:18-cv-13702, 2020 WL 6335991, at *3 (E.D. Mich. Oct. 29, 2020) ($1 in nominal damages appropriate award where officer slammed plaintiff into a brick wall and plaintiff stated that she "suffered from a variety of bruising, a fainting spell, and pain" but offered no proof other than her own statement; holding plaintiff "has not established a 'reasonable certainty' of damages." (quoting *Vesligaj v. Peterson*, 331 F. App'x 351, 355 (6th Cir. 2009))).

Considering the foregoing authorities, the parties' arguments, and the record, the Court finds the jury's award of $1.00 in nominal damages is reasonable. The jury did not award damages "in an amount substantially less than *unquestionably* proved by [Plaintiff's] *uncontradicted and undisputed* evidence." *Anchor*, 94 F.3d at 1021 (emphasis in original).

---

[4] The issue in *Kidis* was whether the jury's punitive damages award was proper. The court did not specifically rule on the propriety of the nominal damages award; however, the court rejected the argument that compensable harm resulted from the fact that "multiple punches and blows inflicted to [the plaintiff's] head," instead deferring to the jury's determination that the plaintiff did not suffer any injuries. *Kidis*, 976 F.3d at 718-19.

7

## IV. CONCLUSION

For these reasons Plaintiff's motion for a new trial on damages [Doc. 105] is **DENIED**.

SO ORDERED.

ENTER:

                                              s/ *Susan K. Lee*
                                              SUSAN K. LEE
                                              UNITED STATES MAGISTRATE JUDGE